66C01-2111-CT-000015

Pulaski Circuit Court

Filed: 11/4/2021 5:06 PM
Clerk
Pulaski County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PULASKI CIRCUIT/SUPERIOR COURT |
| | )SS: | |
| COUNTY OF PULASKI | ) | CAUSE NO.: |

LESLIE W. BARTON,                )
                                 )
      Plaintiff,              )
                                 )
v.                               )
                                 )
QUALITY MARK, INC. and           )
AMAZON.COM, INC. and             )
AMAZON SERVICES LLC,             )
                                 )
      Defendants.            )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Comes now the Plaintiff, LESLIE W. BARTON, and for his Complaint for Damages against the Defendant, QUALITY MARK, INC., and in this request for a jury trial, alleges and says:

1) The Plaintiff is a resident of Pulaski County, in the State of Indiana.

2) The Defendant, QUALITY MARK, INC., is a Minnesota Corporation.

3) The Defendant, AMAZON.COM, INC., is a Washington Corporation.

4) The Defendant, AMAZON SERVICES LLC, is a Washington Company.

    **I.   STRICT PRODUCTS LIABILITY OF DEFENDANT, QUALITY MARK, INC.**

5) Each of the preceding allegations of this Complaint for Damages is hereby incorporated by this reference thereto.

6) On May 11, 2021, and at all times relevant hereto, the Defendant, QUALITY MARK, INC., was the manufacturer and seller of a product known as the "Quality Mark 28800 Bow Step" (hereafter "Product").

1

7) Defendant, QUALITY MARK, INC., is engaged in the business of manufacturing and selling the Product, which the Defendant, QUALITY MARK, INC., put into the stream of commerce.

8) On May 11, 2021, the Plaintiff purchased the Product from the Defendant, QUALITY MARK, INC.'s through the online retail platform known to the general public as "Amazon Marketplace".

9) The Product was expected to and did reach Plaintiff without substantial alteration of the condition in which the Defendant, QUALITY MARK, INC., sold the Product.

10) At all relevant times the Product bore a label indicating that it was suitable for use as a fixed boat stepladder or a similarly-described device.

11) On May 14, 2021, the Plaintiff put the Product to its intended use as a fixed boat stepladder, during which use the ladder swung out and threw the Plaintiff to the ground (hereafter "Incident").

12) At the time of the Incident, the Product was in fact unreasonably dangerous and/or defective in that a lock pin mechanism failed to engage the ladder into its normal angle for ascent.

13) At the time of the Incident, the Product was defectively manufactured in that it deviated from its intended design as it contained a dangerous and defective lock pin mechanism.

14) At all relevant times, the Plaintiff was a user or consumer of the Product and was in a class of persons Defendant, QUALITY MARK, INC., should have reasonably

expected to be subject to the harm caused by the dangerous and/or defective condition.

15) As a direct and proximate result of the Product's unreasonably dangerous and/or defective nature, the Plaintiff has sustained serious and permanent physical injuries.

16) As a direct and proximate result of the Product's unreasonably dangerous and/or defective nature, the Plaintiff has incurred medical expenses, and other economic costs and losses including but not limited to property damage to his boat and damage to the Product.

17) As a direct and proximate result of the Product's unreasonably dangerous and/or defective nature, the Plaintiff has experienced physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

## II.  **NEGLIGENCE OF DEFENDANT, QUALITY MARK, INC.**

18) Each of the preceding allegations of this Complaint for Damages is hereby incorporated by this reference thereto.

19) At all times relevant hereto, the Defendant, QUALITY MARK, INC., owed a duty to the consumers and/or users such as the Plaintiff to exercise reasonable care in, among other things:

   a) Designing the Product;

   b) Warning Plaintiff about the Product's danger when the Defendant knew, should have known, or should have discovered the danger;

   c) Instructing the Plaintiff about the proper use of the Product; and

   d) Refraining from selling or otherwise putting the Product into the stream of commerce when it was in a defective condition unreasonably dangerous to consumers and/or users such as the Plaintiff.

20) The Defendant, QUALITY MARK, INC., failed to exercise reasonable care in:

   a) Designing the Product as it contained a dangerous and defective lock pin mechanism;

   b) Failing to warn the Plaintiff about the Product's danger when the Defendant knew, should have known, or should have discovered the danger presented by the defective and dangerous lock pin mechanism;

   c) Failing to properly instruct the Plaintiff about the proper use of the Product and its lock pin mechanism; and

   d) Selling or otherwise putting the Product into the stream of commerce when it was in a defective condition unreasonably dangerous to consumers and/or users such as the Plaintiff for the reasons stated above.

21) As a direct and proximate result of the aforementioned negligence, the Plaintiff has sustained serious and permanent physical injuries.

22) As a direct and proximate result of the aforementioned negligence, the Plaintiff has incurred medical expenses, and other economic costs and losses, including but not limited to property damage to his boat and damage to the Product.

23) As a direct and proximate result of the aforementioned negligence, the Plaintiff has experienced physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

### III: IMPLIED WARRANTIES – QUALITY MARK, INC.

24) Each of the preceding allegations of this Complaint for Damages is hereby incorporated by this reference thereto.

25) At all times relevant hereto, the Defendant, QUALITY MARK, INC., was a merchant with respect to goods of the Product's kind.

26) At all times relevant hereto, Indiana law provided that a warranty that goods shall be merchantable is implied in all sales contracts if the seller is a merchant with respect to goods of that kind

27) At all times relevant hereto, the Defendant, QUALITY MARK, INC., impliedly warranted that the Product was merchantable through advertising it, promoting it, providing detailed product description(s), promoting and displaying past reviews of the Product from past consumers, and otherwise making it available for immediate purchase through the online platform "Amazon Marketplace".

28) At all times relevant hereto, the Defendant, QUALITY MARK, INC., had reason to know the particular purpose for which the Product was required, that the Plaintiff relied on the Defendant's skill or judgment to select or furnish suitable goods, and the therefore impliedly warranted the Product was fit for its particular purpose as a fixed boat stepladder or a similarly-described device.

29) In reliance upon the Defendant, QUALITY MARK, INC's skill and judgment and the aforementioned implied warranties of merchantability and fitness for a particular purpose, the Plaintiff utilized the Product for its intended purpose.

30) At all relevant times, the Defendant, QUALITY MARK, INC., breached the aforementioned warranties as the Product was unsafe, unfit for its intended use and for Plaintiff's intended use and particular purpose, not of merchantable quality, and defective.

31) As a direct and proximate result of Defendant, QUALITY MARK, INC.'s breach of the aforementioned warranties, the Plaintiff has sustained serious and permanent physical injuries.

32) As a direct and proximate result of Defendant, QUALITY MARK, INC.'s breach of the aforementioned warranties, the Plaintiff has incurred medical expenses, and other economic costs and losses including but not limited to property damage to his boat and damage to the Product.

33) As a direct and proximate result of Defendant, QUALITY MARK, INC.'s breach of the aforementioned warranties, the Plaintiff has experienced physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

### IV. CONTRACT AND IMPLIED WARRANTIES - AMAZON.COM, INC. and AMAZON SERVICES, LLC

34) Each of the preceding allegations of this Complaint for Damages is hereby incorporated by this reference thereto.

35) At all times relevant hereto, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, sold, leased, or otherwise put the Product into the stream of commerce.

36) At all time relevant hereto, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, were merchants of the Product and profited from its sale through their online platform "Amazon Marketplace".

37) At all times relevant hereto, Indiana law provided that a warranty that goods shall be merchantable is implied in all sales contracts if the seller is a merchant with respect to goods of that kind.

38) At all times relevant hereto, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, impliedly warranted that the Product was merchantable through advertising it, promoting it, providing detailed product description(s), promoting past reviews of the Product from past consumers, and

6

otherwise making it available for immediate purchase through their online platform "Amazon Marketplace".

39) At all times relevant hereto, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, had reason to know the particular purpose for which the Product was required, that the Plaintiff relied on the Defendants' skill or judgment to select or furnish suitable goods, and the therefore impliedly warranted the Product was fit for its particular purpose as a fixed boat stepladder or a similarly-described device.

40) In reliance upon the Defendants' skill and judgment and the aforementioned implied warranties of merchantability and fitness for a particular purpose, the Plaintiff purchased and utilized the Product for its intended purpose.

41) At all relevant times, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, breached the aforementioned warranties as the Product was unsafe, unfit for its intended use and for Plaintiff's intended use and particular purpose, not of merchantable quality, and defective.

42) On May 11, 2021, the Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, and Plaintiff entered into a contract for the sale of the Product.

43) The Plaintiff purchased the Product from the Defendants via the Defendants' online platform "Amazon Marketplace."

44) The Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC, failed to perform their part of the contract or performed their part of the contract in a defective manner as the Product was delivered to the Plaintiff in an unsafe condition that was defective and not of merchantable quality.

45) As a direct and proximate result of Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC's breach of the aforementioned warranties and contract, the Plaintiff has sustained serious and permanent physical injuries.

46) As a direct and proximate result of Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC's breach of the aforementioned warranties and contract, the Plaintiff has incurred medical expenses, and other economic costs and losses, including but not limited to the property damage to his boat and damage to the Product.

47) As a direct and proximate result of Defendants, AMAZON.COM, INC. and AMAZON SERVICES, LLC's breach of the aforementioned warranties and contract, the Plaintiff has experienced physical pain, mental anguish, and the loss of enjoyment of life from his personal injuries.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants in an amount reasonable to compensate him for damages sustained, any and all pre-judgment interest calculated daily according to statute, and any and all other relief deemed just and proper.

Respectfully Submitted,

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff, by counsel, and respectfully requests that the above matter be tried by jury.

/s/ Nicholas J. Wagner
Nicholas J. Wagner, #30185-84
Darron S. Stewart, #21114-29
Attorneys for Plaintiff

STEWART & STEWART
931 South Rangeline Road
Carmel, Indiana 46032
(317) 846-8999